# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WISTE'S LLC d/b/a WISTE'S MEAT MARKET, | Case No. 19-CV-00525 (NEB/DTS) |
| Plaintiff, | |
| v. | |
| AMERICAN SELECT INSURANCE COMPANY, | ORDER TO REMAND |
| Defendant. | |

This case involves a demand for preaward interest, pursuant to a Minnesota statute, following an appraisal award. Plaintiff Wiste's LLC requests remand to state court because its sole demand is for interest, which is precluded from the amount-in-controversy consideration for diversity jurisdiction purposes. Defendant American Select Insurance Company contends that the demand for interest can count toward the amount in controversy when interest is the only remedy requested. The Court determines that, although remand is not appropriate, the interest demanded cannot satisfy the amount-in-controversy requirement for diversity jurisdiction, and thus dismisses the case without prejudice for lack of subject-matter jurisdiction.

## BACKGROUND

Prior to this litigation, the parties participated in appraisal proceedings for a fire-damage claim, which concluded with an appraisal panel issuing an award in favor of

Wiste's. The appraisal panel did not grant preaward interest as part of the award, nor did it have authority to do so. [*See* ECF No. 1-1; *Oliver v. State Farm Fire & Cas. Ins. Co.*, 923 N.W.2d 680, 687 (Minn. Ct. App. 2019) ("[A]n appraisal panel lacks authority to grant preaward interest.").] Therefore, Wiste's brought the present suit seeking preaward interest—in the amount of $79,891.28—under Minn. Stat. § 549.09. No action has been filed in state court, but American Select removed the case to federal court based on diversity jurisdiction. [ECF No. 1 ("Notice of Removal").] Wiste's argues that removal is improper because its sole demand for interest is legally irrelevant to the amount-in-controversy requirement under 28 U.S.C. § 1332(a). American Select disagrees, arguing that an exception to the exclusion-of-interest rule applies and thus subject-matter jurisdiction exists.

**ANALYSIS**

First, the remand requested is not an action the Court can take—removal appears to be improper since there is no action in state court. Under 28 U.S.C. § 1441(a) "… any civil action *brought in a State court* … may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added). Yet no civil action was brought in a state court. (Notice of Removal at 1, 3.) Although American Select received a copy of the summons and complaint, neither party filed its complaint or answer with the Minnesota state court. (*Id.*) And the notice of removal was defective under 28 U.S.C. 1446(d), which

requires the defendant to file a copy of the notice of removal with the state court clerk. According to the Notice of Removal, American Select did not send notice to the clerk because no state action exists. (Notice of Removal ¶ 5.) Without filing a copy of the notice with the appropriate Minnesota state clerk, removal was not effectuated. *See* 28 U.S.C. 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.")[1] The Court therefore lacks subject-matter jurisdiction because the case was improperly removed.

Even if American Select properly removed the case, there is no diversity jurisdiction here. American Select removed the case based on diversity, which exists where there is complete diversity of citizenship among the parties and "the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest* and costs." 28 U.S.C § 1332 (emphasis added). As the proponent of federal jurisdiction, American Select must establish this Court has jurisdiction by a preponderance of the evidence. *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears

---

[1] The Court recognizes that in Minnesota state court, a case is commenced upon service, not filing, but removal to federal court follows different rules, including those referenced in this Order. *See* Minn. R. Civ. P. 3.01 (governing commencement of an action in state court).

to a legal certainty that the claim is really for less than the jurisdictional amount." *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC,* 620 F.3d 926, 931 (8th Cir. 2010) (internal quotation marks and citations omitted). The presumption against federal jurisdiction requires the Court to resolve all doubts about jurisdiction in favor of remand to state court. *In re Prempro Prod. Liab. Litig.,* 591 F.3d 613, 620 (8th Cir. 2010).

The Court's analysis begins with the plain language of the statute. "The Supreme Court has stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *United States v. I.L.,* 614 F.3d 817, 820 (8th Cir. 2010) (internal quotation marks and citation omitted). And, "[w]hen the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Id.* (internal quotation marks and citation omitted). The diversity statute states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest* and costs…." 28 U.S.C. § 1332(a) (emphasis added). The plain language of the statute unambiguously prohibits considering interest as part of the amount in controversy for diversity purposes.

Yet the inquiry does not end there, because American Select raises *Brown v. Webster*, which provides an exception the exclusion-of-interest principle. 156 U.S. 328, 329 (1895). In *Brown*, the Supreme Court distinguished interest "as an instrumentality in arriving at the amount of damages to be awarded on the principal demand" from interest

"as such," by allowing the former to be part of the amount-in-controversy calculation. *Id.* The Court reasoned that interest is properly considered when it is an essential ingredient of the principal demand, rather than a mere accessory demand. *Id.* American Select argues that under *Brown*, the interest Wiste's seeks is not interest "as such" because, rather than being merely incidental to the matter in controversy, it is the entirety of the demand.

The Court disagrees that the interest at issue falls within the *Brown* exception. Preaward interest is incidental to an appraisal award; it is not a part of the appraisal process or the parties' contract, but rather is awarded pursuant to Minnesota's general prejudgment interest statute. *See Poehler v. Cincinnati Ins. Co.*, 899 Nl.W.2d 135 (Minn. 2017). Unlike *Brown* and its progeny, Wiste's and American Select did not specifically contemplate including interest as part of the obligation. *See Brown*, 156 U.S. at 329 (eviction statute included interest in the total liability owed); *Boulet v. Millers Mut. Ins. Ass'n of Ill.*, 36 F.R.D. 99, 102 n.6 (D. Minn. 1964) (defendant contractually liable for attorney's fees and costs); *Merial Ltd. v. Rasnic*, No. 2:10CV00033, 2010 WL 3663357, at *6 (W.D. Va. Sept. 15, 2010) (interest contractually agreed to and thus became part of the total liability). Here, there is no contractual obligation for interest, nor does any statute specific to appraisal proceedings require interest as part of the total amount owed. Rather, preaward interest is sought pursuant to the generic statute allowing interest accrued as a result of delay in payment. *See* Minn. Stat. § 549.09. The preaward interest is not an

integral part of the total obligation, but is instead incidental to the appraisal award. This is precisely the type of interest prohibited from consideration under § 1332.

Moreover, this is not a case where there has been a previous determination of interest owed that Wiste's now seeks to enforce. Notably, because "preaward interest is a statutory right that requires a legal determinations [sic]," appraisers lack authority to grant preaward interest. *Oliver*, 923 N.W.2d at 687. Since the appraisal panel could not award Wiste's interest, this suit is the first time the parties have contemplated interest. Thus, the interest sought has not "lost its character" to become anything else other than simple interest. The fact that this lawsuit is seeking a judicial determination solely as to Wiste's entitlement to interest does not change the Court's analysis. If, for instance, suit was brought to confirm an appraisal award and grant preaward interest, that interest would not be included in the amount-in-controversy calculation. *See Dyrdal v. Enbridge (U.S.), Inc.*, 738 F. Supp. 2d 927, 930 (D. Minn. 2010). The outcome should not differ when the suit does not include a demand for confirmation of an award. American Select fails to cite any case law establishing that when a lawsuit's sole demand is for interest stemming from the generic interest statute, that interest becomes the principal demand of the underlying obligation. To allow this type of interest as the "basis of the suit" and meet the amount in controversy would allow the *Brown* exception to swallow the rule.

Given the presumption in favor of remand and the absence of clear law allowing a declaratory action for interest based on an unconfirmed appraisal award, the amount

in controversy is not met and there is no diversity jurisdiction. However, because there is no state court action, the Court cannot remand the case. As a result, the Court dismisses the action without prejudice.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, Wiste's LLC's request for remand [ECF No. 7] is DENIED and IT IS HEREBY ORDERED that this case is DISMISSED without prejudice for lack of subject-matter jurisdiction. LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 24, 2019                          BY THE COURT:

                                                   s/Nancy E. Brasel
                                                   Nancy E. Brasel
                                                   United States District Judge